IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUDY L. WEAVER,<br>　　　　Plaintiff | )<br>)<br>) | C.A. No. 11-254 Erie |
| v. | )<br>) | District Judge McLaughlin<br>Magistrate Judge Baxter |
| COUNTY OF MCKEAN,<br>　　　　Defendant. | )<br>)<br>) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.　　RECOMMENDATION

It is respectfully recommended that Defendant's motion to dismiss [ECF No. 6] be granted in part and denied in part.

### II.　　REPORT

#### A.　　Relevant Procedural History

Plaintiff brings this action against Defendant County of McKean pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Specifically, Plaintiff claims that Defendant terminated her employment "based on its inaccurate perception of Plaintiff as suffering substantial psychological limitation," in violation of her rights under the ADA and PHRA. In addition, Plaintiff asserts a claim of retaliation against Defendant based upon the alleged acts of its authorized agent, David Stahlman ("Stahlman"), after Plaintiff's termination. As relief for her claims, Plaintiff seeks to recover lost wages, lost benefits, compensatory and punitive damages, and attorney's fees.

Defendant has filed a motion to dismiss [ECF No. 6], contending that Plaintiff (i) has failed to state a claim of disability discrimination under the ADA and PHRA; (ii) has failed to state a *prima facie* case of retaliation; (iii) cannot bring a claim for punitive damages under

either the ADA or PHRA; (iv) cannot recover compensatory damages under the ADA; and (v) cannot demand a jury trial for either her ADA retaliation claim or her PHRA retaliation claim. Plaintiff has since filed a response and brief in opposition to Defendant's motion to dismiss. [ECF Nos. 9, 10]. This matter is now ripe for consideration.

### B. Relevant Factual History[1]

Plaintiff was employed by Defendant as a Licensed Practical Nurse ("LPN") at the McKean County Prison for approximately eleven months (ECF No. 2, First Amended Complaint, at ¶ 7). During her employment, Plaintiff was undergoing treatment for depression and anxiety, although she did not disclose these conditions to Defendant and did not need any special accommodations. (Id. at ¶ 9). In July 2008, Plaintiff was diagnosed with Adult Attention Deficit Disorder and was prescribed Strattera, from which she began to suffer headaches and other side effects. (Id. at ¶ 10). On September 9, 2008, Plaintiff was called into a meeting with McKean County Sheriff Brad Mason ("Mason"), Stahlman, and Rick Austin, during which Mason noted that Plaintiff had been "acting different," and asked her what medications she was on. (Id.). Plaintiff was required to disclose her medication regimen and Mason requested photographs of the prescription bottles. (Id.). Plaintiff was then informed that she was being placed on "administrative leave." (Id.).

On September 15, 2008, Mason called Plaintiff at her home, told her he had "empathy" for her and felt she needed to "get her medications adjusted," and informed her that her employment was being terminated. (Id. at ¶ 11). Plaintiff subsequently filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), in response to which Defendant

---

[1] The factual history set forth herein is derived from the allegations of the complaint, which are accepted as true for the purpose of determining Defendant's motion to dismiss, to the extent they are well-pleaded. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).

asserted that Plaintiff was discharged for "not conforming to their philosophy of nursing services." (Id. at ¶ 13). However, in opposing Plaintiff's claim for unemployment compensation, Defendant asserted that Plaintiff was terminated for "health reasons." (Id.).

In May 2010, Plaintiff was hired as a clerk by St. Mary's Pharmacy, beginning May 23, 2010, at a rate of $7.50 an hour. (Id. at ¶ 15). On the evening of May 24, 2010, Plaintiff was terminated from her position at St. Mary's Pharmacy allegedly based upon a conversation management had with Stahlman, who stated that Plaintiff's termination by Defendant was not by mutual agreement and "may go to litigation." (Id.).

### C. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact

3

pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### D. Discussion
#### 1. Disability Discrimination

Plaintiff claims that Defendant's termination of her employment violated her rights under the ADA and PHRA, because the termination was allegedly based upon Defendant's "inaccurate perception" that Plaintiff was suffering a "substantial psychological limitation."

"Under the ADA, employers are prohibited from discriminating 'against a qualified

individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.'" Taylor v. Phoenixville School Dist., 184 F.3d 296, 305 (3d Cir. 1999), citing 42 U.S.C. § 12112(a).

To establish a *prima facie* case of discrimination in violation of the ADA, a plaintiff must demonstrate that: (i) she is "disabled" as defined by the ADA; (ii) she is qualified to perform the essential functions of the job, with or without reasonable accommodation; and (iii) she has suffered an adverse employment decision as a result of discrimination. Gaul v. Lucent Technologies, Inc., 134 F.3d 576, 580 (3d Cir. 1998), citing Shiring v Runyon, 90 F.3d 827, 831 (3d Cir. 1996).[2]

The ADA defines disability as "a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; b) a record of such impairment; or c) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Here, Plaintiff alleges that she was not disabled, but was regarded as such by Defendant. Under the ADA, "[a] person is 'regarded as' having a disability if s/he: (1) has a physical or mental impairment that does not substantially limit major life activities but is treated by the [employer] as constituting such limitation; (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) has [no such impairment] but is treated by a[n] [employer] as having a substantially limiting impairment." Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 381 (3d Cir. 2002)(citation omitted). Furthermore,

---

[2] In addressing the merits of Plaintiff's disability discrimination claims, the Court will discuss only Plaintiff's ADA claim because "the analysis of an ADA claim applies equally to a PHRA claim." Taylor v. Phoenixville School Dist., 184 F.3d 296, 306 (3d Cir. 1999), citing Kelly, 94 F.3d at 105.

"to be covered under the 'regarded as' prong of the ADA the employer must regard the employee to be suffering from an impairment within the meaning of the statutes, not just that the employer believed the employee to be somehow disabled." Rinehimer, 292 F.3d at 381. This analysis focuses not on the employee and her actual abilities, "but rather on the reactions and perceptions of the persons interacting or working with [her]." Kelly v. Drexel Univ., 94 F.3d 102, 109 (3d Cir. 1996)(citation omitted).

In this case, Defendant argues that "Plaintiff, at most, suggests only that Mason was concerned she could not work as a LPN at the prison because of the side effects from the medications for ADD." (ECF No. 7, Defendant's Brief, at p. 7). However, such a limited view of Plaintiff's claim runs counter to Plaintiff's principal assertion that, "[a]lthough Plaintiff is not disabled as the result of her psychological conditions, Sheriff Mason, acting for [Defendant], regarded Plaintiff as disabled and took adverse employment actions against her **based on his perception that Plaintiff was substantially limited by her psychological conditions**." (ECF No. 2, First Amended Complaint, at ¶ 12)(emphasis added).

Moreover, Plaintiff contends that the immediacy of her placement on "administrative leave" after Mason's discovery of her psychological conditions and medication regimen, and the ultimate termination of her employment less than a week later, supports the inference that Mason regarded her as disabled. (ECF No. 10, Plaintiff's Brief, at pp. 7-8). Such an inference has, "either standing alone or in concert with other theories, already been accepted by a number of courts as sufficient to survive summary judgment," in cases alleging disability discrimination under the ADA. Warshaw v. Concentra Health Serv., 719 F.Supp.2d 484, 496 (E.D.Pa. 2010), citing Holopirek v. Kennedy & Coe, LLC, 303 F.Supp.2d 1223, 1232 (D.Kan.2004) (termination two weeks after disclosure of diabetes); Bullock v. Balis & Co., 2000 WL 1858719, at *5 (E.D.Pa. Dec. 19, 2000) (termination two weeks after disclosure of ADD condition sufficient to raise an inference of "regarded as" disability discrimination); Price v.

6

Dolphin Servs., Inc., 2000 WL 1789962, at *10 (E.D.La. Dec. 5, 2000) (termination shortly after hypoglycemic episodes, combined with the employer's allegation that the employee was "neglecting to comply with medical requirements" was sufficient to raise an inference of "regarded as" disability discrimination); Stewart v. Bally Total Fitness, 2000 WL 1006936, at *5 (E.D.Pa. July 20, 2000) (temporal proximity of plaintiff's demotion, suspension and dismissal to onset of symptoms of bipolar disorder was sufficient to raise an inference of "regarded as" disability discrimination).

Based on the foregoing cases, the Warshaw court found that, "[a]s a general matter, a fact-finder could reasonably conclude that adverse actions suffered by an employee shortly after an employer learns of the disability are, in fact, based on the employer's belief that the employee is limited in a major life activity." Warshaw, 719 F.Supp.2d at 496. This Court agrees and finds that, at this early stage of the proceeding, Plaintiff has sufficiently stated a *prima facie* case of "regarded as" disability discrimination under the ADA and PHRA. Accordingly, Defendant's motion to dismiss Plaintiff's disability discrimination claim should be denied.

### **2.** **Retaliation**

With respect to retaliation under both the ADA and PHRA, it is unlawful to discriminate against any individual because such individual has opposed any act or practice made unlawful by the law, or because the individual filed a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under the law. 42 U.S.C. § 12203(a); 43 P.S. § 955(d); Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 188 (3d Cir. 2003).

To establish a *prima facie* case of retaliation under the ADA (and PHRA), a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action. Krouse v. American

7

Sterilizer Co., 126 F.3d 494, 500-01 (3d Cir. 1997)(citations omitted). If an employee establishes a *prima facie* case of retaliation under the ADA, the burden shifts to the employer to advance a legitimate, non-retaliatory reason for its adverse employment action. (Id.). If the employer satisfies its burden, the plaintiff must be able to convince the factfinder both that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action. (Id.).

Here, Plaintiff has alleged that in or around May 2010, Plaintiff applied for a clerk position with St. Mary's Pharmacy and was hired to begin work on May 23, 2010; however, on the evening of May 24, 2010, Plaintiff was contacted by management at St. Mary's Pharmacy and was told that her employment was terminated based on a conversation management had with Defendant's agent, Stahlman, who allegedly informed St. Mary's Pharmacy that Plaintiff's termination by Defendant was not by mutual agreement and was "not over yet - it may go to litigation." (ECF No. 2, First Amended Complaint, at ¶ 15). Plaintiff alleges further that Stahlman's alleged statement was made during the pendency of Plaintiff's complaint with the EEOC, while the EEOC was still conducting its investigation. (Id. at ¶ 16). As a result, Plaintiff claims that Stahlman's action was undertaken in retaliation for Plaintiff's opposition to Defendant's prohibited practices under the ADA and PHRA. (Id. at ¶ 22).

In response, Defendant first argues that "the statement attributed to Stahlman is not retaliatory in nature as a matter of law" because it did "not contain or reflect any adverse or false statement about the plaintiff...." (ECF No. 7, Defendant's Brief, at p. 11). However, the Third Circuit Court of Appeals has found that "[e]ven 'an act of retaliation as trivial as failing to hold a birthday party for a public employee,' if 'intended to punish her for exercising her free speech rights,' may be actionable if under the circumstances it would be sufficient to 'deter a person of ordinary firmness' from exercising his or her First Amendment rights." O'Connor v. City of Newark, 440 F.3d 125, 28 (3d Cir.2006), quoting Suppan v. Dadonna, 203 F.3d 228, 234–35

(3d Cir.2000)). Thus, although Stahlman's alleged statement may have been "a neutral statement of fact," as Defendant contends, it may still be considered retaliatory if it was intended to punish Plaintiff for filing an EEOC charge and if, under the circumstances, it would be sufficient to deter a person of ordinary firmness from exercising his or her First Amendment rights. Given the context in which Stahlman's alleged statement was made, and the termination of Plaintiff's employment that allegedly resulted therefrom, it is certainly arguable that such a statement was intended to punish Plaintiff for filing her EEOC complaint and would be sufficient to deter a person of ordinary firmness from doing the same.

Defendant argues further that Plaintiff cannot establish a causal connection between her constitutionally-protected activity and Stahlman's alleged retaliatory statement because "[h]is comment to the pharmacy about the plaintiff... does not mention or even reference the protected activity of filing an EEOC charge by [Plaintiff];" but, rather, "Stahlman allegedly discussed only the termination of her employment with [Defendant], which is not a 'protected activity.'" (Id.). Thus, apparently Defendant is arguing that, to establish the required causal connection, Plaintiff must show that Stahlman actually referenced Plaintiff's EEOC charge in his challenged statement. This argument completely misconstrues the causal connection prong of the retaliation test, which merely requires a plaintiff to prove "either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir.2007) (citation omitted). Accordingly, "[t]he amount of time between the protected activity and the alleged retaliation is a circumstance to be considered by a fact-finder in determining if the plaintiff has established the required causation." Shellenberger v. Summit Bancorp, Inc., 318 F.3d at 189. A retaliation plaintiff may also "show that from the evidence gleaned from the record as a whole the trier of the fact should infer causation." DeFlaminis, 480 F.3d at 267 (citation omitted). Here, Plaintiff has alleged that

Stahlman's alleged retaliatory statement was made during the pendency of Plaintiff's filing and prosecution of her EEOC charge. In the Court's view, this is sufficient to establish the necessary causal connection at the pleading stage.

Based on the foregoing, therefore, the Court finds that Plaintiff has sufficiently alleged a *prima facie* case of retaliation under the ADA and PHRA. As a result, Defendant's motion to dismiss Plaintiff's retaliation claims should be denied.

### **3. Punitive Damages**

Defendant asserts that Plaintiff's claim for punitive damages must be dismissed because such a claim is prohibited by both the ADA and PHRA. This assertion is not contested by Plaintiff. Thus, Defendant's motion to dismiss Plaintiff's punitive damage claims should be granted.

### **4. Compensatory Damages and Jury Trial for Retaliation Claims**

Defendant asserts that Plaintiff's request for compensatory damages and demand for a jury trial on his retaliation claims should be stricken because "plaintiff's recovery for retaliation under the ADA is limited to equitable relief, and [] there is no right to jury trial on this claim." (ECF No. 7, Defendant's Brief, at p. 15). Plaintiff responds that "[w]hether compensatory damages are available under the ADA for retaliation is a question not yet decided by the Third Circuit...." (ECF No. 10, Plaintiff's Brief, at pp. 12-13). While Plaintiff is correct that the Court of Appeals has not yet addressed this issue, the district courts in our Circuit have uniformly held that the anti-retaliation provisions of the ADA do not authorize the award of compensatory and punitive damages. See, e.g., Kozempel v. Grand View Hosp., 2011 WL 1196851, at 3 (E.D.Pa. Mar. 30, 2011); Baker v. PPL Corp., 2010 WL 419417, at *7-8 (W.D.Pa. Jan.29, 2010) (slip copy); Shellenberger v. Summit Bancorp., Inc., 2006 WL 1531792, at *2 (E.D.Pa. June 2,

2006); <u>Santana v. Lehigh Valley Hosp. And Health Network, et al.</u>, 2005 WL 1914654, at *2 (E.D.Pa. Aug. 11, 2005); <u>Sabbrese v. Lowe's Home Centers, Inc.</u>, 320 F.Supp.2d 311, 331 (W.D.Pa.2004).

In so holding, courts within our Circuit have adopted the analysis set forth in <u>Kramer v. Banc of Am. Sec., LLC</u>, 355 F.3d 961 (7th Cir.2004), wherein the Seventh Circuit held that the language of Section 1981a(a)(2), and its "tangle of interrelated statutes reveals no basis for plaintiff's claims of compensatory and punitive damages in his ADA retaliation claim." <u>Kramer</u>, 355 F.3d at 965 (internal quotation omitted). As the Eastern District Court in <u>Santana</u> explained:

> Section 1981a(a)(2) expands the available remedies 'against a respondent who engaged in unlawful intentional discrimination ... under ... section 102 of the [ADA] or committed a violation of section 102(b)(5) of the [ADA] ...' 42 U.S.C. § 1981a(a)(2). It does not extend these remedies to violations of § 12203 [establishing retaliation claims]. 'When legislation expressly provides a remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies.... This principle of statutory construction reflects an ancient maxim— *expressio unius est exclusio alterius*.' Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers, 414 U.S. 453, 458 (1974). Because the anti-retaliation provision, § 12203, was not listed in § 1981a(a)(2), compensatory and punitive damages are not available to the plaintiff for her ADA retaliation claim.

Santana, 2005 WL 1914654, at *2.

In keeping with precedent within our Circuit, this Court finds that the ADA does not allow recovery of compensatory damages on retaliation claims brought under § 12203. Since compensatory and punitive damages are not available, the sole remedy for Plaintiff's retaliation claim under the ADA is equitable relief. See Sabbrese, 320 F.Supp.2d at 332. Because Plaintiff's sole remedy for his ADA retaliation claim is equitable, she is not entitled to a jury trial on that claim. Id. Thus, Defendant's motion to strike Plaintiff's compensatory damage request and demand for jury trial on her ADA retaliation claim should be granted.

The same cannot be said, however, with regard to Plaintiff's retaliation claim under the PHRA. As Plaintiff correctly points out, unlike the ADA the PHRA clearly authorizes an award of compensatory damages on a retaliation claim brought pursuant to 43 P.S. § 955(d). Taylor v. Central Pa Drug and Alcohol Serv. Co., 890 F.Supp. 360, 373 (M.D.Pa. 1995) (citations omitted); 42 P.S. § 962(c). Thus, Defendant's motion to strike Plaintiff's request for compensatory damages on her PHRA retaliation claim should be denied.

With regard to Plaintiff's right to a jury trial on her PHRA retaliation claim, Defendant asserts that there is no such right based upon the Pennsylvania Supreme Court's holding in Wertz v. Chapman Twp, et al., 741 A.2d 1272 (Pa. 1999). However, the Third Circuit in Marra v. Philadelphia Housing Authority, 497 F.3d 286 (3d Cir. 2007), affirmed the Eastern District

Court's conclusion that "it was not bound by Wertz because the right to a jury trial in federal court is a matter of federal law." Id. at 312-13. Although the Marra Court did not decide the issue of whether federal law afforded the right to a jury trial on a PHRA retaliation claim, it cited "scores of district courts in this Circuit [that] have concluded that the Seventh Amendment confers a right to a jury trial on PHRA claims brought in federal court, at least where compensatory relief is sought." Id. at 314 n. 26, citing Heater v. Kispeace, 2005 WL 2456008, at *5 (E.D.Pa. Oct.5, 2005); Grabosky v. Tammac Corp., 127 F.Supp.2d 610, 624 (M.D.Pa. 2000); Cortes v. R.I. Enterprises, Inc., 95 F.Supp.2d 255, 260-62 (M.D.Pa. 2000); Graham v. Toltzis Communications, Inc., 2000 WL 433978, at *1 (E.D.Pa. April 18, 2000); Pellegrino v. McMillen Lumber Products Corp., 16 F.Supp.2d 574, 591 (W.D.Pa.1996); Lubin v. Am. Packaging Corp., 760 F.Supp. 450, 453-55 (E.D.Pa.1991). Based on this precedent, the Court finds that Plaintiff has a right to a jury trial on her PHRA retaliation claim. Accordingly, Defendant's motion to strike the jury demand on Plaintiff's PHRA retaliation claim should be denied.

### III.   CONCLUSION

For the foregoing reasons, t is respectfully recommended that Defendant's motion to dismiss [ECF No. 6] be granted in part and denied in part, as follows:

1. Defendant's motion to strike Plaintiff's request for punitive damages on all claims, and Plaintiff's request for compensatory damages and demand for jury trial on her ADA retaliation claim, should be granted; and

2. Defendant's motion should be denied in all other respects.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have

fourteen (14) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of some appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                            /s/ Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            United States Magistrate Judge

Dated:  April 9, 2012

cc:      The Honorable Sean J. McLaughlin
          United States District Judge